**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Corey Ross, Appellant,

v.

Carolina Adventure World, LLC, Respondent.

Appellate Case No. 2015-001178

Appeal From Fairfield County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2018-UP-274
Submitted December 5, 2017 – Filed June 27, 2018

**AFFIRMED**

S. Jahue Moore, of Moore Taylor Law Firm, P.A., of West Columbia, for Appellant.

Christian Stegmaier and Kelsey Jan Brudvig, both of Collins & Lacy, PC, of Columbia, and Kenneth Ray Raynor, of Raynor Law Firm, PLLC, of Charlotte, N.C., for Respondent.

**PER CURIAM:** Corey Ross appeals the trial court's granting of Carolina Adventure World LLC's motion for directed verdict on Ross's negligence claim. We affirm.

1.  We find the trial court did not err in directing a verdict in favor of Carolina Adventure World.  *See Davis v. Tripp*, 338 S.C. 226, 238, 525 S.E.2d 528, 534 (Ct. App. 1999) ("When this court reviews a grant of directed verdict, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the non-prevailing party."); *Sims v. Giles*, 343 S.C. 708, 714, 541 S.E.2d 857, 861 (Ct. App. 2001) (stating a directed verdict should not be granted unless only one reasonable inference can be drawn from the evidence); *Easterling v. Burger King Corp.*, 416 S.C. 437, 446, 786 S.E.2d 443, 448 (Ct. App. 2016) ("In a negligence action, a plaintiff must show that (1) the defendant owes a duty of care to the plaintiff, (2) the defendant breached the duty by a negligent act or omission, (3) the defendant's breach was the actual and proximate cause of the plaintiff's injury, and (4) the plaintiff suffered an injury or damages." (quoting *Madison ex rel. Bryant v. Babcock Ctr., Inc.*, 371 S.C. 123, 135, 638 S.E.2d 650, 656 (2006))); *Vinson v. Hartley*, 324 S.C. 389, 400, 477 S.E.2d 715, 720 (Ct. App. 1996) ("If the plaintiff fails to prove any one of these elements, the action will fail."); *Hughes v. Children's Clinic, P.A.*, 269 S.C. 389, 400, 237 S.E.2d 753, 758 (1977) ("[W]here the entrant is deemed to be an invitee, the rule seems to be that the occupier of the premises ordinarily owes him not only the duty not to injure him by unreasonably dangerous conduct while he is upon the premises, but also the affirmative duty to use reasonable care to discover unreasonably dangerous conditions of the premises and either put the premises in a reasonably safe condition for use in a manner consistent with the purpose of invitation or warn him of the danger." (quoting Ernest H. Schopler, Annotation, *Modern Status of Rules Conditioning Landowner's Liability Upon Status of Injured Party as Invitee, Licensee, or Trespasser*, 32 A.L.R.3d 508, 518 (1970))); *Cole v. Boy Scouts of Am.*, 397 S.C. 247, 251, 725 S.E.2d 476, 478 (2011) ("'Primary implied assumption of risk arises when the plaintiff impliedly assumes those risks that are *inherent* in a particular activity.' The doctrine of primary implied assumption of risk 'goes to the initial determination of whether the defendant's legal duty encompasses the risk encountered by the plaintiff.'" (quoting *Davenport v. Cotton Hope Plantation Horizontal Prop. Regime*, 333 S.C. 71, 81, 508 S.E.2d 565, 570 (1998))); *id.* at 252, 725 S.E.2d at 478-79) (stating the critical fact in primary implied assumption of the risk is the nature of the sport itself).

Ross offered no evidence the existence of the boulder he hit was an unreasonably dangerous condition for the purpose of a double black diamond all-terrain vehicle (ATV) trail or that Carolina Adventure World had a duty to remove such an object from the trail even if it had inspected and/or maintained the trail.  Ross presented no evidence any other rider at Carolina Adventure World had wrecked because of

the boulder.  Ross acknowledged he was aware he and his companion were on a double black diamond trail and he could tell the trail was not maintained.  The map of the facility they were given described the black diamond trails as the "most difficult."  He also admitted he saw the boulder at least fifteen to twenty feet before he hit it.  We find the trial court did not err in ruling Ross had failed to prove Carolina Adventure World had a duty to remove the boulder from the trail or that it had violated a duty of care.

2.  We need not address Ross's issue concerning the waiver as the resolution of the above issue was dispositive.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.